**No. 57036.**—Gimbel Bros., Inc., and Hahne & Company *v.* United States, protests 193439–K and 181849–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of beaded bags the same in all material respects as those the classification of which was involved in Abstract 56124, the claim of the plaintiffs was sustained.

**No. 57037.**—Pongees Corp. et al. *v.* United States, protests 188098–K, etc. (New York).

Opinion by FORD, J. It was stipulated that certain items of the involved merchandise consist of woven silk fabrics, valued at more than $5.50 per pound, the same in all material respects as those passed upon in *Walter Strassburger & Co., Inc., et al.* v. *United States* (26 Cust. Ct. 210, C. D. 1326). Accepting the stipulation as a statement of fact and following the cited authority, it was held that the merchandise imported or withdrawn from warehouse prior to January 1, 1948, is dutiable at 45 percent under paragraph 1205, as modified by T. D. 48316, and that which was imported or withdrawn from warehouse subsequent to said date is dutiable at 25 percent under said paragraph, as modified by T. D. 51802.

**No. 57038.**—J. J. Boll *v.* United States, protest 189382–K (New York).

Opinion by FORD, J. An examination of the record failing to disclose any reason for disturbing the presumptively correct classification of the merchandise made by the collector, the protest was overruled.

**No. 57039.**—Nanking Co. *v.* United States, petition 6912–R (New York).

Opinion by FORD, J. At the trial one of the partners of the petitioner testified that the merchandise was purchased in November 1948 and shipped in April 1949; that between the time of the purchase and the entry of the merchandise, he had talked with a number of importers regarding the proper value of the involved merchandise; that he was unable to find anyone who was paying more for the merchandise than petitioner had paid; that he did not hear of any higher prices, because prices were going down; and that he was not able to get prices direct from Shanghai until the latter part of 1949, at which time the price was 50 percent lower. On the record presented it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.